## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THE SHEKIA GROUP, LLC,

                        Plaintiff,

v.

WHOLESALE CABINETRY, LLC, et al.,

                        Defendants.

Civil Action No. 17-1477 (CCC)

**REPORT AND
RECOMMENDATION**

**FALK, U.S.M.J.**

This matter comes before the Court by way of Plaintiff's motion to strike Defendants' Answer and Counterclaim, and enter default pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2). (CM/ECF No. 69.) The motion is unopposed. The Court decides the motion on the papers. Fed. R. Civ. P. 78. For the reasons that follow, it is respectfully recommended that the motion be granted.

## BACKGROUND

This is a breach of contract case. On March 3, 2017, Plaintiff, The Shekia Group, LLC, a manufacturer of wood cabinetry, commenced this action against Defendant Wholesale Cabinetry, LLC ("Wholesale Cabinetry") and its principal, Defendant Woody Lyles, seeking to recover monies owed for cabinets delivered to Defendants. Defendants

filed an Answer and Counterclaim.

Following an amendment of Defendants' Answer and Counterclaim, the Court entered an Order on October 11, 2018, enlarging discovery to permit Plaintiff to serve interrogatories and document requests directed to Defendants' amended pleading. (CM/ECF No. 59.)  Pursuant to the Court's October 11th Order, Plaintiff served discovery on Defendants.  Defendants' responses were due on December 5, 2018. Defendants failed to provide any responses to Plaintiff's discovery demands.

On December 19, 2018, Defendants' Counsel filed a motion to withdraw.  Counsel stated that it had been discharged by Defendants and therefore could no longer represent them in this case.  (CM/ECF No. 63-1.)  The Court entered an Order on March 19, 2019, scheduling a hearing on April 3, 2019, on the motion to withdraw.  (CM/ECF No. 66.) The March 19th Order commanded Mr. Lyles and a representative of Wholesale Cabinetry to attend the hearing in-person.  The Order warned that failure to comply would result in the imposition of sanctions, including the striking of Defendants' Answer and Counterclaim.  Defendants' Counsel served the March 19th Order on Mr. Lyles by regular and overnight mail.  (Certificate of Service, CM/ECF No. 67.)  Mr. Lyles and a representative of Wholesale Cabinetry failed to appear at the April 3, 2019 hearing without any explanation.  Defendants did not oppose the motion to withdraw.  On April 3, 2019, the Court granted Defendants' Counsel's motion to withdraw.  (CM/ECF No. 68.)

Plaintiff filed the instant motion to strike on April 4, 2019.  The Court entered an Order setting a hearing on the motion on April 24, 2019.  (CM/ECF No. 68.)  The Order

commanded Mr. Lyles personally, and as a representative of Wholesale Cabinetry, to appear at the hearing and again cautioned that failure to appear in-person would result in the imposition of sanctions, including striking the Answer and Counterclaims and entering default.  (CM/ECF No. 68.)  Defendants' former Counsel served the motion on Mr. Lyles by email, first class, certified and overnight mail, the same day it was filed. (CM/ECF No. 70.)  Defendants did not oppose the motion.  The Court conducted oral argument on the motion to strike on April 24, 2019.  Mr. Lyles again failed to oppose the motion, contact the Court or his former attorney, and failed to appear at the motion hearing as required by the Court's Order.

## **DISCUSSION**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to comply with a court order and for failure to prosecute a case.  See Fed. R. Civ. P. 16(f), 37(b)(2), 41(b). The striking of a pleading and entry of default may be an appropriate penalty for failure to comply with an order.  See id. The Court uses its sound discretion in deciding what sanctions to impose.  See Bowers v. Nat'l CollegiateAthletic Assoc., 475 F.3d 524, 538 (3d Cir. 2007).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose a sanction such as striking a pleading. The Poulis factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4)

whether the conduct of the party or the attorney was wilful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir. 1992). While consideration of the Poulis factors is generally required, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, it is not necessary to engage in a Poulis analysis prior to striking of a party's pleading. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (party abandons its case); Sebrell ex rel. Sebrell v. Phila. Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005).

Here, Defendants have failed to comply with this Court's March 19 and April 3, 2019 Orders ("Orders") compelling their attendance at two hearings before the Undersigned. (CM/ECF Nos. 66 and 68.)   Mr. Lyles was well aware of his obligation to appear.  Defendants' former counsel served the Orders on Mr. Lyles via multiple means and placed proof of service of the motion on the Court's docket.  Both Orders warned Mr. Lyles of the consequences of noncompliance.  Notwithstanding the Orders' express language that Defendants' Answer and Affirmative Defenses would be stricken and default entered, Mr. Lyles disregarded the Orders.  Moreover, Mr. Lyles has made no attempt to contact the Court and provide an explanation for his failure to appear or file written opposition to the instant motion.  It is obvious that Defendants have willfully abandoned their defense to this action.  The Court nevertheless will apply the Poulis test

to this case out of an abundance of caution.

1. **Defendants' Personal Responsibility.**  Defendants are solely responsible for their failure to attend the court-ordered hearings, comply with discovery, or to defend the case.  Mr. Lyles's *pro se* status renders him solely responsible for defense of the claims asserted against him.  See, e.g., Rieder v. Gannon University, No. 12-1276, 2012 WL 1609171, at *1 (3d Cir. May 9, 2012) (*pro se* litigant personally responsible for failure to appear).   Mr. Lyles's failures to appear and comply with the Court's Orders are wholly attributable to him.  Wholesale Cabinetry is no longer represented by counsel by its own choice.  It has failed to have counsel enter an appearance on its behalf as required and did not appear in any way at the court-ordered conferences.  See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). (corporations cannot represent themselves *pro se*).  Defendants' conduct leaves no doubt but that they have abandoned the matter altogether.

2. **Prejudice to Plaintiff.**  Defendants' conduct has prejudiced Plaintiff.  Plaintiff has expended time and resources preparing a Complaint, serving discovery, responding to this Court's Orders and filing the instant motion.  Defendants' conduct, including failure to respond to Plaintiff's discovery in violation of the October 11, 2018 Order and failing to appear at the court-ordered motion hearings, has hindered Plaintiff's ability to gather facts necessary to prosecute this case or file any dispositive motions addressing the merits of Plaintiff's claims.  Defendants' disregard of the Court's Orders and their failure to oppose this motion to strike demonstrates that Defendants have abandoned the case completely.

3. **History of Dilatoriness.**  As set forth above, Defendants have exhibited a

history of dilatoriness and noncompliance with Court Orders. Despite repeated opportunities, Defendants have failed to attend the court-ordered hearings on two motions. Defendants' repeated failure to actively defend this case in the face of warnings for noncompliance constitutes dilatory conduct under <u>Poulis</u>.

4. **Willfulness or Bath Faith**. Although the Court cannot conclude based on this record that Defendants are acting in bad faith, Defendants' conduct is willful. Defendants' disregard of Court Orders, failure to stay in contact with the Court or their prior Counsel, and their decision not to oppose this motion can only be construed as willful. Defendants have had opportunities to defend against the claims and oppose the instant motion but have chosen not to do so. Again, Defendants' inaction demonstrates that Defendants have no intention of participating in this case.

5. **Effectiveness of an Alternative Sanction**. Defendants' history of noncompliance suggests that alternative sanctions would be futile. Defendants have wholly abandoned the defense of this action. They have not been heard from in over six months. They have disregarded Court Orders scheduling hearings on motions, they have failed to oppose this motion to strike, and have chosen not to keep in contact with the Court. The Court is satisfied that no lesser sanction would be effective.

6. **Meritoriousness of the Defense**. The Court is unable to determine the meritoriousness of the issues in this case, beyond noting that if all allegations are true, the Answer and denials would form the basis of a defense to the claims.

The Court is aware of the Third Circuit's recent decision in <u>Hildebrand v. Allegheny County</u>, 2019 WL 1783540 (3d Cir. April 24, 2019) emphasizing that

dismissals with prejudice and defaults are extreme sanctions of last resort.  Id. at *3.  The Court also recognizes the strong policy favoring decisions on the merits.  With this policy in mind, the Court has analyzed the Poulis factors and finds that striking Defendants' pleading and entering default is the only appropriate sanction here.  No other sanction can be effective.  Defendants refuse to appear as required by Court Orders, have not responded to motions, and have declined to even keep in contact with the Court in any way.  Defendants have clearly defaulted.  It is impossible to proceed with the litigation of this case without the participation of Defendants.  While the Court is mindful that striking the pleading and entering default is a drastic sanction, it fits here.  Nothing short of this sanction can cure the prejudice caused by Defendants' conduct.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion be granted and the Answer of Defendants Wholesale Cabinetry, LLC and Woody Lyles be stricken, the Counterclaim dismissed, and default entered.

Counsel for Plaintiff is directed to serve a copy of this Report and Recommendation upon Defendants within **3 days** of its entry.


 s/Mark Falk                              
**MARK FALK**
**United States Magistrate Judge**


**Dated:  May 2, 2019**