NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE SHEKIA GROUP, LLC, d/b/a TSG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WHOLESALE CABINETRY, LLC and WOODY LYLES,<br><br>Defendants. | Civil Action No.: 2:17-cv-01477<br><br>**OPINION, ORDER, AND JUDGMENT** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff The Shekia Group, LLC ("Plaintiff") for default judgment against Defendants Wholesale Cabinetry, LLC ("Wholesale Cabinetry") and Woody Lyles, principal ("Lyles") (collectively "Defendants"), jointly and severally. ECF No. 74. Default was entered against Defendants on June 6, 2019. ECF No. 73. Plaintiff filed this motion for default judgment on July 11, 2019. ECF No. 74. Defendants did not respond. For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED**.

**I.     BACKGROUND**

On March 3, 2017, Plaintiff, a cabinet manufacturer, initiated this breach of contract action to recover monies owed to Plaintiff for products it delivered to Wholesale Cabinetry. ECF No. 1 ("Compl."). Defendants answered with counterclaims on April 24, 2017. ECF No. 7. On October 5, 2018, Chief Magistrate Judge Mark Falk granted Defendants' request to amend the answer but ordered them responsible for costs incurred by Plaintiff to conduct discovery on Defendants' new counterclaims. ECF No. 57. Defendants amended their answer and counterclaim. ECF No. 60. Plaintiff served interrogatories and document requests (ECF No. 59), and Defendants did not respond.

On December 19, 2018, counsel for Defendants filed a motion to withdraw. ECF No. 63. Judge Falk set a hearing on the motion for April 3, 2019 and ordered Lyles and a representative of Wholesale Cabinetry to attend in-person, warning that failure to comply would result in sanctions, including striking Defendants' answer. ECF No. 66. Defendants' counsel served a copy of this order on Lyles by regular and overnight mail. ECF No. 67. Neither Lyles nor a representative of Wholesale Cabinetry appeared at the hearing on April 3 or explained their absence. Judge Falk granted the unopposed motion to withdraw. ECF No. 68.

On April 4, 2019, Plaintiff moved to strike and dismiss with prejudice Defendants' amended answer and counterclaim and for an entry of default against Defendants jointly and severally under Federal Rule of Civil Procedure 55(a). ECF No. 69. Judge Falk set a hearing on the motion for April 24, 2019 and commanded Lyles to appear in-person, personally and as a representative of Wholesale Cabinetry, again cautioning that failure to comply would result in sanctions, including striking the answer and entering default. ECF No. 68. Defendants' former counsel served the motion on Lyles by first class, certified, and overnight mail, in addition to email. ECF No. 70. Defendants did not oppose the motion and Lyles again failed to appear at the hearing on April 24 and did not contact the Court or his former counsel. On May 2, 2019, Judge Falk issued a Report and Recommendation advising the Court to grant Plaintiff's motion. ECF No. 71. On June 6, 2019, the Court granted Plaintiff's motion to strike and dismiss with prejudice Defendants' amended answer with counterclaims and entered default against Defendants. ECF No. 73.

## II. <u>LEGAL STANDARD</u>

Default judgment is governed by Federal Rule of Civil Procedure 55. *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011). After the clerk

enters default pursuant to Rule 55(a), a plaintiff can request default judgment under Rule 55(b)(2). *Id.* Although the grant of default judgment is discretionary, the court must first decide whether the plaintiff adequately stated a cause of action, by accepting as true the factual allegations in the complaint, except as to damages. *Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *1 (D.N.J. Jan. 19, 2016); *see also Eagle Fruit Traders, LLC v. Ultra Fresh, LLC*, No. 18-14541, 2019 WL 5704503, at *2 (D.N.J. Nov. 5, 2019) (explaining that before a court enters default judgment, it must determine that it has jurisdiction, defendants were properly served, the complaint sufficiently pled a cause of action, and the plaintiff proved damages).

Three factors govern default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court has a broad discretion in determining the amount of damages and need not hold a hearing if the requested damages have adequate support. *Super 8*, 2011 WL 2909316, at *2; *see Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.").

## III. DISCUSSION

Plaintiff moves for default judgment against Defendants for breach of contract. ECF No. 74-1. Preliminarily, the Court notes that it has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a New Jersey limited liability company with its principal place of business in New Jersey, Wholesale Cabinetry is a South Carolina limited liability company with its principal place of business in South Carolina, and Lyles is a resident of South Carolina. Compl. ¶¶ 1–3. The amount in controversy exceeds $75,000. Id. ¶ 4. The Court has personal jurisdiction over both

Defendants as they waived any objection to personal jurisdiction in the personal guaranty agreement. *See* Exhibit A to Compl. The Court additionally has personal jurisdiction over Defendants due to the parties' contractual relationship. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (citations omitted) ("[W]ith respect to interstate contractual obligations, . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."). The Court finds that Defendants were also properly served. ECF No. 3 at 1–2.

### A. Legitimate Cause of Action

Before determining whether to grant default judgment, the Court must decide whether Plaintiff has sufficiently pled a cause of action. *E. Const. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011) ("[T]he plaintiff's factual allegations [must] establish a right to the requested relief."). Under New Jersey law, to state a claim for breach of contract a plaintiff must establish: (1) a valid contract between the parties; (2) that defendant failed to perform its obligations under the contract; and (3) that plaintiff suffered damages as a result. *Days Inns Worldwide, Inc. v. 5 Star, Inc.*, No. 09-1009, 2012 WL 1232340, at *4 (D.N.J. Apr. 11, 2012) (citing *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007)).

Accepting Plaintiff's allegations as true: (1) Plaintiff and Wholesale Cabinetry had a long-standing contractual agreement wherein Plaintiff sold, and Wholesale Cabinetry purchased and paid for, products under the terms and conditions of the order confirmations and invoices, and Lyles personally guaranteed Wholesale Cabinetry's obligations to Plaintiff (Compl. ¶¶ 6–7); (2) Defendants did not perform their obligations as they failed to pay Plaintiff for products Plaintiff supplied to Wholesale Cabinetry (id. ¶¶ 9–11); and (3) Plaintiff suffered damages of $693,004.01 plus interest (id. ¶ 11). Accordingly, Plaintiff has sufficiently pled a breach of contract claim.

**B.      Default Judgment**

In determining whether default judgment is proper, the Court must make explicit factual findings as to: (1) the prejudice to Plaintiff if default is denied; (2) whether Defendants have a meritorious defense; and (3) Defendants' culpability. *Chamberlain*, 210 F.3d at 164.

First, according to Plaintiff's allegations, Defendants' failure to pay for products Plaintiff delivered to Wholesale Cabinetry caused Plaintiff to suffer a loss of $693,004.01 plus interest. Compl. ¶¶ 9–11. If default is denied, not receiving the monies it is owed will prejudice Plaintiff.

Second, Defendants have no meritorious defense because the Court treats the allegations in the complaint as admitted by Defendants. *See York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851, at *3 (D.N.J. Apr. 14, 2010) (holding that failure to respond indicates a lack of meritorious defense); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true'"). This tenet applies equally when a defendant's answer has been struck. *Ramada Worldwide Inc. v. NPR Hosp. Inc.*, No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (citing *Comdyne I*, 908 F.2d at 1149) ("After having stricken Defendants' answer and counterclaim, and with Defendants failing to respond to this motion notwithstanding adequate notice of it, the Court treats the allegations in the Complaint as admitted by Defendants."). Here, the Court struck Defendants' amended answer because Defendants willfully failed to comply with discovery, appear at hearings, and otherwise participate in this case. ECF No. 73. Furthermore, the Court is unable to evaluate the merit of Defendants' affirmative defenses and counterclaims (ECF Nos. 7, 60), because Defendants completely failed to pursue and support these allegations. *See* ECF No. 71 at 6–7 (Judge Falk) ("The Court is unable to determine the meritoriousness of the issues in this

case, beyond noting that if all allegations are true, the Answer and denials would form the basis of a defense to the claims. . . . It is impossible to proceed with the litigation of this case without the participation of Defendants."); *see, e.g.*, *Days Inns*, 2012 WL 1232340, at *5 (striking answer and entering default against defendants—whose defenses to breach of contract claims were "bare-boned allegations" and who "chose[] not to develop their defenses by continuing to litigate"—because the court was "unable to evaluate the factual merit of any defense" and although a defense "would weigh against default judgment, . . . defendants' culpable conduct in failing to continue litigating this matter and the resulting prejudice to [plaintiff]" outweighed any potential defense).

Third, Defendants' failure to appear is due to culpable conduct. *See Wyndham Hotels & Resorts, LLC v. J&S Pride, LLC*, No. 15-430, 2016 WL 1366910, at *4 (D.N.J. Apr. 5, 2016) (citations omitted) (explaining that when there is no evidence to suggest that a defendant's failure to answer was due to anything other than his own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Judge Falk specifically concluded that Defendants were solely responsible for their failure to comply with discovery, appear in court, and defend this action and that their conduct showed that they had abandoned this matter. *See* ECF No. 71 at 5. Judge Falk also found that Defendants' disregard for this case was willful. Id. at 6.

Here, the Court concludes that the three requirements for default judgment have been met: Plaintiff will be prejudiced if default is denied, Defendants have no meritorious defense, and Defendants are culpable. Accordingly, default judgment against Defendants is appropriate.

### C.     Appropriate Relief

Next, the Court must consider Plaintiff's request for damages. The complaint alleges that the amount unpaid by Wholesale Cabinetry since February 2016 is $693,004.01 plus interest. Compl. ¶ 11. Accounting for pre-judgment interest, Plaintiff requests damages totaling

6

$781,518.85. ECF No. 74-2 at 3–4.[1]  Plaintiff's request for damages is supported by the sworn declaration of Christina La Salle, an employee of Plaintiff. Id. at 1.  Ms. La Salle's declaration states Plaintiff's damages as:  the principal amount of $693,004.01 due on approximately 702 invoices from 2015; interest of 3% on the principal amount since December 14, 2015; and pre-judgment interest of $56.96 per day from July 12, 2019 through the date of entry of default judgment. Id. at 3–4.  The Court also received Ms. La Salle's supplemental certification which provided an itemized statement listing the relevant invoices and amount due to Plaintiff from Wholesale Cabinetry, which shows the total amount due and owing by Defendants. ECF No. 75; Exhibit A to ECF No. 75.  Based on this documentary support, the Court finds that Plaintiff provided an adequate basis for the requested damages of $693,004.01 plus interest, specified in the default judgment. *See Super 8*, 2011 WL 2909316, at *2–3 (finding damages itemization set forth in affidavit supported by record evidence).  Plaintiff also seeks $2,249.10 in attorneys' fees pursuant to Judge Falk's October 5, 2018 order (ECF No. 57) for reasonable discovery expenses. ECF No. 74-3 at 2–3 (sworn declaration of Edwin Chociey, counsel for Plaintiff).

Therefore, based on the above, Plaintiff seeks a judgment of $783,767.95, comprised of: (1) the principal amount of $693,004.01; (2) pre-judgment interest in the amount of $74,331.80 from December 14, 2015 through July 11, 2019; (3) additional pre-judgment interest of $56.96 per day for 249 days, from July 12, 2019 through the date of entry of this judgment (March 17, 2020), in the amount of $14,183.04; and (4) attorneys' fees in the amount of $2,249.10 in accordance with Judge Falk's October 5, 2018 order (ECF No. 57). *See* ECF Nos. 74-2, 74-3, 75.

---

[1] These damages exclude Plaintiff's request for $2,249.10 in attorneys' fees, discussed separately.

## IV. CONCLUSION

The Court having considered the submissions filed in connection with the motion, and for the reasons set forth above,

**IT IS** on this 17th day of March, 2020:

**ORDERED** that Plaintiff's motion for default judgment against Defendants jointly and severally (ECF No. 74) is hereby **GRANTED**; it is further

**ORDERED** that default judgment against Defendants, jointly and severally, is entered in favor of Plaintiff in the total amount of $783,767.95, which is comprised of the following:

(1) the principal amount of $693,004.01;

(2) pre-judgment interest in the amount of $74,331.80 from December 14, 2015 through July 11, 2019;

(3) additional pre-judgment interest of $56.96 per day for 249 days, from July 12, 2019 through the date of entry of this judgment (March 17, 2020), in the amount of $14,183.04; and

(4) attorneys' fees in the amount of $2,249.10, in accordance with Judge Falk's October 5, 2018 order (ECF No. 57); it is further

**ORDERED** that Defendants are ordered to pay damages to Plaintiff in the amount of $783,767.95; and it is further

**ORDERED** that default judgment shall be entered against Defendants.

**SO ORDERED.**

                                        **CLAIRE C. CECCHI, U.S.D.J.**